IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02665-SKC-KAS

JASON ALLEN, an individual,

    Plaintiff,

v.

SHIRA PERLMUTTER, in her official capacity as Register of Copyrights and Director of the United States Copyright Office, and
THE UNITED STATES COPYRIGHT OFFICE,

    Defendants.
_____

## ORDER SETTING
## SCHEDULING/PLANNING CONFERENCE
(effective April 1, 2024)

The above captioned case has been referred to Magistrate Judge Kathryn A. Starnella pursuant to the Order Referring Case [#5] entered by District Judge S. Kato Crews on September 26, 2024.

### A.  Date of Scheduling Conference

IT IS HEREBY **ORDERED** that a Scheduling/Planning Conference pursuant to Fed. R. Civ. P. 16(b) shall be held on **December 12, 2024**, commencing at **9:30 a.m.** in Courtroom C-204, Second Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado 80294.

### B.  How to Request Different Date for Scheduling Conference

If this date is not convenient for any counsel or pro se party, he or she shall file a motion to reschedule the conference to a more convenient date and shall list dates in the motion which are available for all counsel and pro se parties. Absent exceptional circumstances, no request for rescheduling any appearance in this court will be considered unless a motion is made **five (5) business days** in advance of the date of appearance.

### C.  How to Request Remote Appearance at Scheduling Conference

If you wish to appear at the Scheduling Conference by telephone or video teleconference ("VTC"), you must email Chambers, copying all counsel of record, **five (5) business days** in advance of the setting. Requests must set forth good cause for

appearing remotely. Good cause is generally limited to litigants and counsel whose offices are located outside the Denver metropolitan area or who cannot reasonably make a personal appearance at a court setting.

### D.  Plaintiff's Duty to Notify Parties of Scheduling Conference

The plaintiff shall notify all parties who have not yet entered an appearance as of the date of this Order of the date and time of the Scheduling/Planning Conference set forth above.

### E. Parties' Obligations Before Scheduling Conference

1. Scheduling Order

IT IS **ORDERED** that counsel and pro se parties in this case are to hold a pre-scheduling conference meeting pursuant to Fed. R. Civ. P. 26(f)(1) at least twenty-one (21) days before the proposed scheduling order is due to be tendered and prepare a proposed Scheduling Order in accordance with Fed. R. Civ. P. 26(f). The instructions for completing the Scheduling Order may be found on the Court's website ([www.cod.uscourts.gov](www.cod.uscourts.gov)) with the scheduling order forms. **Please be aware there are multiple forms of Scheduling Order available on the Court's website under the "Forms" link: one form for ERISA cases, one form for patent cases, and one form for all other non-administrative review cases. PLEASE USE THE CURRENT and CORRECT FORM FOR YOUR CASE.**

Pursuant to Fed. R. Civ. P. 26(d), no discovery is to be exchanged until after the Rule 26(f) conference meeting. The parties **shall** include the following language in Section 8, Paragraph (d) of their proposed Scheduling Order in *non-administrative review* cases:

> "Other Planning or Discovery Orders: No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR. 7.1(a). If the parties are unable to reach agreement on a discovery issue after conferring, they shall comply with Magistrate Judge Starnella's Discovery Dispute Procedures as outlined in the Uniform Civil Practice Standards of the United States Magistrate Judges regarding the issue.  Both of these steps must be completed before any contested discovery motions will be adjudicated by the Court."

No later than **seven (7) calendar days** prior to the Scheduling/Planning Conference, counsel and pro se parties shall submit their proposed Scheduling Order in compliance with the Court's Electronic Case Filing Procedures, which are also available on the Court's website. Scheduling Orders prepared by parties not represented by counsel, or without access to electronic case filing, are to be submitted to the Clerk of the Court on paper.

2. Mandatory Disclosures

2

IT IS **FURTHER ORDERED** that on or before 14 days after the Rule 26(f) pre-scheduling conference meeting, the parties shall comply with the mandatory disclosure requirements of Fed. R. Civ. P. 26(a)(1).

### F. Miscellaneous

All counsel shall comply with D.C.COLO.LAttyR 1 through 14 before the Scheduling/Planning Conference. **Counsel are warned that the use of "appearance counsel" providing limited representation solely for a Scheduling Conference is not permitted** in light of the fact that the Court liberally permits remote appearances of counsel for good cause. To the extent any attorney provides limited representation to a client, the requirements of D.C.COLO.LAttyR 5 must be followed.

It is the responsibility of all counsel and pro se parties to notify the Court of his or her entry of appearance, withdrawal of appearance, substitution of counsel, or change of address, e-mail address, or telephone number, by complying with the Court's Electronic Case Filing Procedures or paper-filing the appropriate document with the Court.

The Parties are further advised that they shall not assume that the Court will grant the relief requested in any motion. Failure to appear at a court-ordered conference or to comply with a court-ordered deadline which has not been vacated by court order may result in the imposition of sanctions under Fed. R. Civ. P. 16(f).

Anyone seeking entry to the Byron G. Rogers United States Courthouse will be required to show valid photo identification. *See* D.C.COLO.LCivR 83.2(b). Failure to comply with this requirement will result in denial of entry to the courthouse.

DATED: October 25, 2024

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge