IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02665-SKC-KAS

JASON ALLEN, an individual,

    Plaintiff,

v.

SHIRA PERLMUTTER, in her official capacity as Register of Copyrights and Director of the United States Copyright Office, and THE COPYRIGHT OFFICE,

    Defendants.

### DEFENDANTS' MOTION TO REASSIGN CASE TO "AP" DOCKET AND VACATE SCHEDULING CONFERENCE

Pursuant to D.C.COLO.LCivR 40.1.(e) and D.C.COLO.LAPR 3.1, Defendants, Shira Perlmutter, in her official capacity as Register of Copyrights and Director of the United States Copyright Office, and the Copyright Office, respectfully request that the Court reassign this mater to its "AP" docket because it is an appeal from an administrative agency action. As such, this case is a review of an agency action based on the administrative record. *See* 5 U.S.C. § 701 *et seq.* Good cause exists for the requested relief. *See* D.C.COLO.LAPR 3.1 ("disputes about the AP docket designation shall be addressed by motion filed before an answer or other response is due"). Pursuant to D.C.COLO.LCivR 7.1, counsel for Defendants consulted with counsel for Plaintiff, who advised that Plaintiff opposes this Motion.

Plaintiff brings this action under the Administrative Procedure Act (APA), *see* ECF No. 1 ¶ 1, and therefore this action should be on the Court's AP docket.

1

Additionally, Section IV – AP Rules of the Local Rules should apply and the Scheduling Conference should be vacated pursuant to D.C.COLO.LAPR 16.1. *See* D.C.COLO.LAPR 16.1 ("A scheduling conference under D.C.COLO.LCivR 16.1 shall not be conducted" and "the parties will be directed to file a Joint Case Management Plan (JCMP).").

## BACKGROUND

Plaintiff brings this action challenging the Copyright Office's denial of his application for copyright registration. *See* ECF No. 1. Plaintiff is seeking "declaratory judgment that the work plaintiff submitted to the U.S. Copyright Office is capable of formal Copyright registration" and raises APA claims pursuant to 5 U.S.C. § 706. *See id.* ¶ 1; *id.* at Claim for Relief ¶ H. A Civil Cover Sheet was not included with Plaintiff's Complaint and the action was assigned to the Civil Docket.

On September 26, 2024, the case was referred to Magistrate Judge Starnella "to (1) convene a scheduling conference under Fed. R. Civ. P. 16(b) and enter a scheduling order meeting the requirements of D.C.COLO.LCivR 16.2." ECF No. 5. On October 25, 2024, the Court ordered the parties to file a proposed scheduling order and appear at a scheduling conference on December 12, 2024. *See* ECF No. 6. On November 27, 2024, Plaintiff filed two motions for extension of time to hold the scheduling conference. *See* ECF Nos. 7, 8. On December 2, 2024, the Court granted Plaintiff's motion and reset the scheduling conference to February 4, 2025. *See* ECF No. 10. The Court further ordered Plaintiff to file either proof of service or waivers

of service on Defendants by January 2, 2025. *See id.* Plaintiff has yet to file either proof of service or waivers of service.

On January 24, 2025, counsel for Defendants conferred with counsel for Plaintiff stating that Defendants intended to file a motion under D.C.COLO.LAPR 3.1 to move the case to the AP docket and to vacate the Scheduling Conference. Counsel for Plaintiff stated "[b]ecause this matter *involves unusually complicated and out-of-the-ordinary claims*, the Magistrate has not indicated that the AP Rules will apply," (emphasis in original), "[o]ur client very much would like the opportunity to serve discovery, which is not allowed under the AP Rules" and Plaintiff will oppose the motion.

## ARGUMENT

### I. The case should be reassigned to the AP Docket.

Pursuant to D.C.COLO.LAPR 1.1(c), the Court's AP Rules "apply to pre-merits management and briefing in . . . a case commenced or reviewed under 5 U.S.C. § 706 concerning an action or final decision of an administrative agency . . . (AP Case)." As alleged in Plaintiff's Complaint, Plaintiff brings this action "seeking declaratory relief under the Administrative Procedure Act (5 U.S.C. § 701 *et seq.*) and the Copyright Act (17 U.S.C. § 701(e))" and alleges a violation of 5 U.S.C. § 706. *See* ECF No. 1 ¶ 1; *id.* at Claim for Relief ¶ H. Plaintiff's sole cause of action is a claim for "Administrative Procedure Act Violation for Denial of Plaintiff's Application." *Id.* at 36-37. Therefore, the Court's AP Rules apply, and the matter should be reassigned to the AP docket.

3

**II. After reassignment to the AP Docket, the Scheduling Conference should be vacated.**

The Court's AP Rules apply to this review of an agency action. Therefore, after reassignment to the AP docket, pursuant to D.C.COLO.LAPR 16.1, the February 4, 2025 Scheduling Conference should be vacated. *See* D.C.COLO.LAPR 16.1 ("A scheduling conference under D.C.COLO.LCivR 16.1 shall not be conducted.").

**III. Discovery is not appropriate on Plaintiff's claims.**

Plaintiff has indicated that the case should not be on the AP docket because he intends to seek discovery. However, "[d]iscovery is generally not allowed in APA cases because the court's review of agency action is limited to the administrative record." *Glenwood Springs Citizens' All. v. United States Dep't of the Interior*, No. 20-cv-00658, 2021 WL 916002, at *1 (D. Colo. March 10, 2021) (citing *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579-80 (10th Cir. 1994)). Both the Supreme Court and the Tenth Circuit have emphasized that "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Lewis v. Babbitt*, 998 F.2d 880, 882 (10th Cir. 1993) ("Judicial review . . . is generally based on the administrative record that was before the agency at the time of its decision").

"Given the standard of review for an APA claim, discovery is permissible only if there is a need to supplement the administrative record." *Peper v. Dep't of Agric. of U.S.*, No. 04–cv–01382, 2008 WL 1744578, at *3 (D. Colo. April 11, 2008) (citing *Olenhouse*, 42 F.3d at 1575; *Bar MK Ranches v. Yeutter*, 994 F.2d 735, 740 (10th Cir. 1993)). Discovery has been allowed in an APA case by the Tenth Circuit only in the

event that a clear showing has been made that the record may not be complete. *See Bar MK Ranches*, 994 F.2d 735 at 740. Otherwise, an agency is entitled to a presumption that it properly designated the administrative record. *See id.* at 739-40. Additionally, the Supreme Court has "recognized a narrow exception to the general rule against inquiring into 'the mental processes of administrative decisionmakers'" but only on a "'strong showing of bad faith or improper behavior.'" *Dep't of Com. v. New York*, 588 U.S. 752, 781 (2019) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)). Here, a "strong showing of bad faith or improper behavior" has not been made, or even alleged, and therefore the narrow exception to allow discovery outside of the administrative record is not applicable. *Id.* The Court's review should be limited to the administrative record, discovery is not warranted, and the matter should be reassigned to the AP docket.

**IV.    Even if discovery were appropriate in this APA case, the case should still be reassigned to the AP Docket.**

While Defendants object to discovery outside of the administrative record, the Court's AP Rules do allow Plaintiff to request discovery. Assuming the case is reassigned to the AP docket, pursuant to D.C.COLO.LAPR 16.1, the parties "will be directed to file a Joint Case Management Plan (JCMP)," a sample word version of which is found on the Court's website. The Court's JCMP provides a section for "Statement(s) Regarding Whether This Case Raises Unusual Claims or Defenses" and a section for "Other Matters" where the parties can "describe any other matters either party believes should be brought to the attention of the Court." Additionally, the Court's JCMP instructs the parties to provide deadlines for the parties to confer

5

on record disputes and file motions to complete and/or supplement the administrative record. Therefore, while Defendants dispute that discovery outside the administrative record is appropriate, the Court's AP Rules provide Plaintiff the opportunity to request discovery.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court reassign the case to the Court's AP docket and vacate the February 4, 2025, Scheduling Conference and attendant deadlines.

Respectfully Submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General

SCOTT BOLDEN
Director

/s/ Jenna Munnelly
JENNA MUNNELLY
U.S. Dept. of Justice
Washington, DC 20530
Telephone: (202) 616-1061
Email: jenna.e.munnelly@usdoj.gov

*Attorneys for Defendants*

Of Counsel:
SUZANNE JOHNSON
U.S. Dept. of Justice

Dated: January 27, 2025