## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02665-SKC-KAS

JASON ALLEN, an individual,

      Plaintiff,

v.

SHIRA PERLMUTTER, in her official capacity as Register of
Copyrights and Director of the United States Copyright Office; and
THE UNITED STATES COPYRIGHT OFFICE,

      Defendants.

---

## ANSWER

---

      Defendant, Shira Perlmutter, in her official capacity as the Register of

Copyrights and Director of the United States Copyright Office, and Defendant, the

United States Copyright Office, through undersigned counsel hereby answer the

averments of Plaintiff's Complaint.  Each of the paragraphs numbered 1 to 99

responds to the corresponding paragraph in the Complaint.  All averments in the

Complaint are denied except for those expressly admitted to below.  To the extent

that the headings or any other non-numbered statements in the Complaint contain

any allegations, Defendants deny each and every such allegation.

## <u>INTRODUCTION</u>

      1.    Defendants admit that Jason Allen is the named Plaintiff and that

Shira Perlmutter, in her official capacity as Register of Copyrights and Director of

the United States Copyright Office, and the United States Copyright Office

("Copyright Office") are the named Defendants.  The remainder of Paragraph 1 are

legal conclusions and statements of Plaintiff's objectives that require no response.

To the extent that an answer is deemed to be required, the allegations are denied

and Plaintiff is not entitled to the relief sought.

## JURISDICTION AND VENUE

2.      Defendants admit that the Court has jurisdiction pursuant to 28

U.S.C. § 1331.  Defendants further admit that Plaintiff purports to bring an action

under the Administrative Procedure Act (5 U.S.C. § 702).  However, Defendants

further aver that not all relief sought by Plaintiff is available under the

Administrative Procedures Act.

3.      Defendants admit that pursuant to 28 U.S.C. § 1391(e), venue is

proper.  Defendants deny that any Defendant resides in the District of Colorado.

Further, Defendants deny that a substantial part of the events or omissions giving

rise to the claim occurred in this district.

## PARTIES

4.      Defendants admit that Jason Allen, in his individual capacity, is

identified as the Plaintiff.  As to the remaining averments of Paragraph 4,

Defendants lack knowledge and information sufficient to form a belief as to the

truth of the averments and those averments are deemed denied.

5.    Defendants admit that Plaintiff submitted a copyright registration application for an image titled "Théâtre D'opéra Spatial" (the "Work") to the Copyright Office, seeking registration of the Work as a whole.  Any remaining allegations are denied.

6.    Defendants admit that the Copyright Office is a United States Government agency.  Defendants admit that the Copyright Office registers copyright claims and maintains records of copyright ownership.  Defendants admit that the Copyright Office is located at 101 Independence Avenue SE, Washington, D.C. 20559-6000.  Except as expressly admitted, Defendants deny any remaining allegations of this paragraph.

7.    Defendants admit that Shira Perlmutter is the Register of Copyrights and Director of the Copyright Office ("Register").  Defendants further admit that 17 U.S.C. § 701(a) establishes certain responsibilities of the Register.  Except as expressly admitted, Defendants deny any remaining allegations of this paragraph.

## BACKGROUND

8.    Defendants admit that, in his communications with the Copyright Office, Mr. Allen represented that he used the AI system Midjourney in the creation of the Work.  As to any other "artistic works" created by Mr. Allen, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and the same are deemed denied.

9.      Defendants admit that, in communications with the Copyright Office, Mr. Allen represented that the AI system Midjourney was used in the creation of the Work.  Defendants further admit that Mr. Allen filed a copyright application to register the entire Work with the Copyright Office in September 2022, and that the application's "New Material Included" and "Material Excluded" fields were left blank.  Defendants further admit that the copyright application lists Jason Allen as the author of the Work.  As to any remaining averments of Paragraph 9, Defendants lack knowledge and information sufficient to form a belief as to the truth of the averments and those averments are deemed denied.

10.     Defendants admit that the Copyright Office denied registration of a copyright in the entire Work after Plaintiff declined to exclude from the copyright claim and describe the non-AI authorship present in the final version of the Work. Specifically, Plaintiff "decline[d] to limit [his] claim to augmentations to the image and exclude the entirety of the image which the author used Midjourney and Gigapixel A.I. to generate."  Further, Defendants admit that the determination by the Copyright Review Board ("Board") constitutes a final agency action.  Defendants deny that the quoted language in Paragraph 10 is found, as stated, in the correspondence between Plaintiff and the Copyright Office.  Defendants deny the allegations to the extent they are inconsistent with or not included in Plaintiff's representations in the administrative record.   Any remaining allegations are denied.

11.    The first and second sentences of Paragraph 11 are conclusory statement made by Plaintiff and contain statements of law that require no response. To the extent the first and second sentences of Paragraph 11 are deemed to contain allegations that require a response, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and the same are deemed denied. As to the third and fourth sentences of Paragraph 11, Defendants admit that the web address and quoted language in the third and fourth sentences of Paragraph 11 are contained within Exhibit 1 but Defendants deny the allegations to the extent they are inconsistent with or not included in Plaintiff's representations in the administrative record. Any remaining allegations in Paragraph 11 are denied.

12.    Paragraph 12 is a conclusory statement made by Plaintiff that requires no response. To the extent that an answer is deemed to be required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and the same are deemed denied.

13.    Paragraph 13 includes conclusory statements made by Plaintiff and statements of law that require no response. To the extent that an answer is deemed to be required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and the same are deemed denied. Further, to the extent the allegations in Paragraph 13 are inconsistent with or not included in Plaintiff's representations in the administrative record, the same are deemed

denied.  Additionally, Defendants deny that the web address in Paragraph 13 in contained within Exhibit 2.

14.    Defendants admit that pursuant to 5 U.S.C. § 704, the Administrative Procedure Act, final agency actions are subject to judicial review.  Defendants also admit that Plaintiff seeks injunctive and other relief.  The remainder of Paragraph 14 is a statement of law and a statement of Plaintiff's objectives that require no response.  To the extent that an answer is deemed to be required, the allegations are denied, and Plaintiff is not entitled to the relief sought.

15.    Paragraph 15 includes argumentative and conclusory statements made by Plaintiff that require no response.  To the extent the paragraph is deemed to contain additional allegations that require a response, the same are denied.  Further, Defendants deny Plaintiff's representation of the Copyright Office's review process, including that the process is arbitrary.

## ALLEGED ORIGIN OF THE WORK

16.    Paragraph 16 includes conclusory statements made by Plaintiff that require no response.  To the extent that an answer is deemed to be required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and the same are deemed denied.  Defendants further deny the allegations to the extent that they are inconsistent with Plaintiff's correspondence with the Copyright Office.

6

17.    Paragraph 17 includes conclusory statements made by Plaintiff that require no response.  To the extent that an answer is deemed to be required, Defendants admit that Mr. Allen made representations to the Copyright Office about his use of AI in the creation of the Work and Plaintiff's representations in the administrative record speak for themselves.  Defendants deny the allegations in Paragraph 17 to the extent they are inconsistent with or not included in Plaintiff's representations in the administrative record.  Any remaining allegations are denied.

18.    Defendants admit that Exhibit 3 appears to be email communication between Plaintiff's counsel and the Copyright Office.  The email communication between Plaintiff's counsel and the Copyright Office speaks for itself.  Defendants deny the allegations in Paragraph 18 to the extent they are inconsistent with the email communication.

19.    Paragraph 19 includes conclusory and argumentative statements made by Plaintiff that require no response.  To the extent that an answer is deemed to be required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and the same are deemed denied.

20.    Paragraph 20 includes conclusory statements made by Plaintiff that require no response.  To the extent that an answer is deemed to be required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and the same are deemed denied.

21.     Paragraph 21 includes conclusory statements made by Plaintiff that require no response.  To the extent that an answer is deemed to be required, the websites in Paragraph 21, and Plaintiff's representations in the administrative record, speak for themselves and Defendants deny the allegations in Paragraph 21, including those in subsections i through vi, to the extent they are mischaracterized or inconsistent with the cited websites and Plaintiff's representations in the administrative record.  Any remaining allegations are denied.

22.     Paragraph 22 includes conclusory statements made by Plaintiff that require no response.  To the extent that an answer is deemed to be required, Plaintiff's correspondence with the Copyright Office and representations in the administrative record speak for themselves and Defendants deny the allegations in Paragraph 22 to the extent they are inconsistent with or not included in Plaintiff's correspondence with the Copyright Office and representations in the administrative record.

23.     Paragraph 23 includes conclusory statements made by Plaintiff that require no response.  To the extent that an answer is deemed to be required, Plaintiff's representations in the administrative record speak for themselves and Defendants deny the allegations to the extent that they are inconsistent with or not included in the administrative record.  Any remaining allegations are denied.

24.     Paragraph 24 includes conclusory statements made by Plaintiff that require no response.  To the extent that an answer is deemed to be required,

Plaintiff's representations in the administrative record speak for themselves and Defendants deny the allegations to the extent that they are inconsistent with or not included in the administrative record.

25.    Paragraph 25 includes conclusory statements made by Plaintiff and legal conclusions that require no response.  To the extent that an answer is deemed to be required, Plaintiff's representations in the administrative record speak for themselves and Defendants deny the allegations to the extent they are inconsistent with or not included in Plaintiff's representations in the administrative record.  Any remaining allegations are denied.

26.    Paragraph 26 includes conclusory statements made by Plaintiff that require no response.  To the extent that an answer is deemed to be required, Plaintiff's representations in the administrative record speak for themselves and Defendants deny the allegations to the extent that they are inconsistent with or not included in Plaintiff's representations in the administrative record.  Any remaining allegations are denied.

27.    The first sentence of Paragraph 27 is a conclusory statement made by Plaintiff that requires no response.  To the extent that an answer is deemed to be required, Plaintiff's representations in the administrative record speak for themselves and Defendants deny the allegations in the first sentence of Paragraph 27 to the extent that they are inconsistent with or not included in Plaintiff's representations in the administrative record.  As to the second sentence of

Paragraph 27, Defendants admit that Mr. Allen filed an application to register a copyright for the Work in his name. Any remaining allegations are denied.

28.    Paragraph 28 includes conclusory statements made by Plaintiff that require no response. To the extent that an answer is deemed to be required, Plaintiff's representations in the administrative record speak for themselves and Defendants deny the allegations to the extent that they are inconsistent with or not included in Plaintiff's representations in the administrative record. Any remaining allegations are denied.

29.    Paragraph 29 includes conclusory statements made by Plaintiff and legal conclusions that require no response. To the extent that an answer is deemed to be required, Defendants admit that Jason Allen is identified as the author of the Work on the application for copyright registration. Further, Plaintiff's representations in the administrative record speak for themselves and Defendants deny the allegations to the extent that they are inconsistent with or not included in Plaintiff's representations in the administrative record. Except as expressly admitted, Defendants deny any remaining allegations of this paragraph.

## ALLEGED HISTORY OF THE APPLICATION/ RECONSIDERATION PROCESS

30.    Defendants admit that on September 21, 2022, Plaintiff filed an application with the Copyright Office to register the entire Work.

31.    Paragraph 31 includes conclusory statements made by Plaintiff and legal conclusions that require no response. To the extent that an answer is deemed

to be required, Defendants admit that after receiving the application for copyright registration, the Copyright Examiner communicated with counsel for Plaintiff ("Examiner Correspondence"). The Examiner Correspondence is included in the administrative record and speaks for itself. To the extent the allegations of Paragraph 31 paraphrase or characterize the Examiner Correspondence, Defendants deny the allegations to the extent they are inconsistent with these records. Except as expressly admitted, Defendants deny any remaining allegations of this paragraph.

32.     Defendants admit that the Copyright Office sent a refusal letter to Plaintiff dated December 13, 2022 ("Refusal Letter"). The Refusal Letter is included in the administrative record and speaks for itself. Defendants also admit that the Copyright Office refused the application for the Work as a whole, but the Refusal Letter further stated that Plaintiff declined to exclude from the copyright claim and describe the non-AI authorship present in the final version of the Work. To the extent the allegations of Paragraph 32 mischaracterize the Refusal Letter, or are inconsistent with the letter or administrative record, Defendants deny the allegations. Except as expressly admitted, Defendants deny any remaining allegations of this paragraph.

33.     Defendants admit that Plaintiff submitted a First Request for Reconsideration to the Copyright Office on January 24, 2023. The request is included in the administrative record and speaks for itself. To the extent the

allegations of Paragraph 33 paraphrase or characterize the request, Defendants
deny the allegations to the extent they are inconsistent with the administrative
record. Any remaining allegations are denied.

34. Defendants admit that the Copyright Office sent a response letter to
Plaintiff's First Request for Reconsideration, dated June 6, 2023 ("Reconsideration
Refusal Letter"). The Reconsideration Refusal Letter is included in the
administrative record and speaks for itself. To the extent the allegations of
Paragraph 34 paraphrase or characterize the Reconsideration Refusal Letter,
Defendants deny the allegations to the extent they are inconsistent with the
administrative record. Any remaining allegations are denied.

35. The Reconsideration Refusal Letter is included in the administrative
record and speaks for itself. To the extent the allegations of Paragraph 35
paraphrase or characterize the Reconsideration Refusal Letter, Defendants deny
the allegation to the extent they are inconsistent with the administrative record.
Any remaining allegations are denied.

36. The Refusal Letter and Reconsideration Refusal Letter are included in
the administrative record and speak for themselves. To the extent the allegations
of Paragraph 36 paraphrase or characterize these letters, Defendants deny the
allegations to the extent they are inconsistent with the administrative record. Any
remaining allegations are denied.

37.    The Refusal Letter and Reconsideration Refusal Letter are in the administrative record and speak for themselves.  To the extent the allegations of Paragraph 37 paraphrase or characterize these letters, Defendants deny the allegations to the extent they are inconsistent with the administrative record.  Any remaining allegations are denied.

38.    Defendants admit that Plaintiff submitted a Second Request for Reconsideration on July 12, 2023.  Defendants further admit that the Board issued its Response to the Second Request for Reconsideration dated September 5, 2023 ("Board Letter").  Plaintiff's Second Request and the Board Letter are in the administrative record and speak for themselves.  To the extent the allegations of Paragraph 38 paraphrase or characterize the Plaintiff's Second Request or the Board Letter, Defendants deny the allegations to the extent they are inconsistent with the administrative record.  Any remaining allegations are denied.

**ALLEGED STANDARD OF REVIEW**

39.    Paragraph 39 includes statements of law that require no response. Paragraph 39 also includes conclusory statements made by Plaintiff that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

40.    Paragraph 40 includes statements of law that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

41.    Paragraph 41 includes statements of law that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

42.    Paragraph 42 is an argumentative, conclusory statement made by Plaintiff that requires no response.  Additionally, Paragraph 42 includes statements of law that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

43.    Paragraph 43 includes statements of law that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

44.    Paragraph 44 is a conclusory statement made by Plaintiff that requires no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

## **ARGUMENT**[1]

With respect to Paragraphs 45-99 of the Complaint, including their subheadings, these paragraphs constitute statements of Plaintiff's positions and conclusions of law, to which no answer is required.  To the extent the paragraphs are deemed to contain allegations that require a response, the same are denied.

---

[1] The section headings of the Complaint from this point forward until "Causes of Action" have been omitted, as they are unnecessary and generally unhelpful. Omission of the headings is neither an admission nor denial of the content of the headings.  To the extent the content of the headings are deemed to contain allegations that require a response, the same are denied.

45.     Paragraph 45 includes statements of law that require no response. Additionally, Paragraph 45 includes conclusory statements made by Plaintiff that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

46.     Paragraph 46 includes statements of law that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

47.     Paragraph 47 includes statements of law that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

48.     Paragraph 48 includes statements of law that require no response. Additionally, Paragraph 48 includes argumentative and conclusory statements made by Plaintiff that requires no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

49.      The first sentence of Paragraph 49 is a conclusory statement made by Plaintiff and a legal conclusion that requires no response.  The second sentence of Paragraph 49 is a conclusory statement made by Plaintiff that requires no response. To the extent that the first and second sentences of Paragraph 48 are deemed to contain allegations that require a response, Plaintiff's representations in the administrative record speak for themselves and Defendants deny the allegations to the extent that they are inconsistent with or not included in Plaintiff's

representations in the administrative record.  As to the third sentence of Paragraph 49, Defendants admit that Plaintiff has represented that he used Midjourney AI in the creation of the Work.  Plaintiff's representations in the administrative record speak for themselves and Defendants deny the allegations in the third sentence of Paragraph 49 to the extent that they are inconsistent with or not included in Plaintiff's representations in the administrative record.  Except as expressly admitted, Defendants deny any remaining allegations of this paragraph.

50.    Paragraph 50 includes statements of law that require no response.  To the extent that Paragraph 50 is deemed to contain allegations that require a response, Defendants admit that § 306 of the *Compendium of U.S. Copyright Office Practices, Third Edition* (the "*Compendium*") includes the language in the second sentence of Paragraph 50.  Defendants deny any remaining allegations of this paragraph.

51.    Paragraph 51 includes statements of law and conclusory statements made by Plaintiff that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

52.    The first and third sentences of Paragraph 52 are conclusory statements made by Plaintiff that require no response.  To the extent the first and third sentences of Paragraph 52 are deemed to contain allegations that require a response, Plaintiff's representations in the administrative record speak for themselves and Defendants deny the allegations to the extent that they are

inconsistent with or not included in Plaintiff's representations in the administrative record.  The second sentence of Paragraph 52 includes a statement of law that requires no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

53.    Defendants admit that § 313.2 of the *Compendium* includes the quoted language in the first sentence of Paragraph 53.  Defendants deny that this language is included in § 306 of the *Compendium*.  Further, Paragraph 53 includes statements of law and conclusory statement made by Plaintiff that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

54.    Defendants admit that the *Compendium* is the administrative manual of the Register of Copyrights and concerns Title 17 of the United States Code and Chapter 37 of the Code of Federal Regulations.  Defendants further admit that the *Compendium* provides instruction to agency staff regarding the statutory duties, among other things, and that the most recent update to the *Compendium* was issued on January 28, 2021.  Defendants also admit that United States copyright law is contained in Title 17 of the United States Code, but deny that it is the only source of copyright law in the United States.  Paragraph 54 additionally includes statements of law and conclusory statements made by Plaintiff that require no response.  To the extent the paragraph is deemed to contain additional allegations that require a response, outside those expressly admitted, the same are denied.

55.    Paragraph 55 includes statements of Plaintiff's positions, conclusory statements made by Plaintiff, and conclusions of law to which no response is required. To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

56.    Paragraph 56 includes statements of Plaintiff's positions, conclusory statements made by Plaintiff, and conclusions of law to which no response is required.  To the extent the paragraph is deemed to contain allegations that require a response, Defendants deny that all generative AI technology results in output that directly manifests users' artistic visions.  Defendants also deny Plaintiff's allegations to the extent they suggest that AI tools, and their uses, are uniform. Any remaining allegations are denied.

57.    The first, second, and third sentences of Paragraph 57 include conclusory statements made by Plaintiff to which no response is required.  To the extent these sentences are deemed to contain allegations that require a response, Plaintiff's representations in the administrative record speak for themselves and Defendants deny the allegations to the extent they are inconsistent with or not included in Plaintiff's representations in the administrative record.  The fourth sentence of Paragraph 57 is an argumentative, conclusory statement made by Plaintiff that includes a legal conclusion and requires no response.  To the extent the fourth sentence of Paragraph 57 is deemed to contain allegations that require a response, the same are denied.

58.     As to the first and second sentences of Paragraph 58, Defendants admit that § 313.2 of the *Compendium* states that "the Office will not register works produced by a machine or mere mechanical process that operates randomly or automatically without any creative input or intervention from a human author." The remainder of Paragraph 58 are legal statements and conclusory statements made by Plaintiff that require no response. To the extent the remaining sentences of Paragraph 58 are deemed to contain allegations that require a response, the same are denied. Except as expressly admitted, Defendants deny any remaining allegations of this paragraph.

59.     As to the second sentence of Paragraph 59, Defendants admit that the quoted language is found in § 313.2 of the *Compendium* but deny that this language is a complete quote. The *Compendium*, including the context in which the quoted language appears, speaks for itself. Additionally, Defendants deny any suggestion that this quoted language encompasses the Copyright Office's position on AI generated material. The first and last sentences of Paragraph 59, including subparts a and b, include legal statements and conclusory statements made by Plaintiff that require no response. To the extent the first and last sentences of Paragraph 59, including subparts a and b, are deemed to contain allegations that require a response, the same are denied.

60.     Paragraph 60 includes argumentative and conclusory statements made by Plaintiff and statements of law that require no response. To the extent the

paragraph is deemed to contain allegations that require a response, the same are denied.

61.     Paragraph 61 includes argumentative and conclusory statements made by Plaintiff that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, Plaintiff's representations in the administrative record speak for themselves and Defendants deny the allegations to the extent that they are inconsistent with or not included in Plaintiff's representations in the administrative record.  Any remaining allegations are denied.

62.     Paragraph 62 includes conclusory statements made by Plaintiff and statements of law that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, Plaintiff's representations in the administrative record speak for themselves and Defendants deny the allegations to the extent that they are inconsistent with or not included in Plaintiff's representations in the administrative record.  Any remaining allegations are denied.

63.     Paragraph 63 includes argumentative and conclusory statements made by Plaintiff and statements of law that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, Plaintiff's representations in the administrative record speak for themselves and Defendants deny the allegations to the extent that they are inconsistent with or not included in

Plaintiff's representations in the administrative record. Additionally, § 312 of the *Compendium* speaks for itself and to the extent Paragraph 63 paraphrases or characterizes the *Compendium*, or takes quotations out of context, Defendants deny the allegation to the extent they are inconsistent with the *Compendium*. Any remaining allegations are denied.

64. Paragraph 64 includes argumentative and conclusory statements made by Plaintiff and statements of law that require no response. To the extent the paragraph is deemed to contain allegations that require a response, the *Compendium* speaks for itself and Defendants deny the allegations to the extent they are inconsistent with the *Compendium*. Any remaining allegations are denied.

65. Paragraph 65 includes argumentative and conclusory statements made by Plaintiff and statements of law that require no response. To the extent the paragraph is deemed to contain allegations that require a response, Plaintiff's representations in the administrative record speak for themselves and Defendants deny the allegations to the extent that they are inconsistent with or not included in Plaintiff's representations in the administrative record. Any remaining allegations are denied.

66. Paragraph 66 includes argumentative and conclusory statements made by Plaintiff and statements of law that require no response. To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

67.     Paragraph 67 includes statements of law that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

68.     Paragraph 68 includes argumentative and conclusory statements made by Plaintiff and statements of law that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

69.     With respect to the quoted language in the first sentence of Paragraph 69, Exhibit 6, the Reconsideration Refusal Letter, speaks for itself.  To the extent the allegations in the first sentence of Paragraph 69 paraphrases or characterizes the Reconsideration Refusal Letter, Defendants deny the allegations to the extent they are inconsistent with the administrative record.  The second and third sentences of Paragraph 69 are conclusory statements made by Plaintiff and statements of law that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

70.     Paragraph 70 includes argumentative and conclusory statements made by Plaintiff and statements of law that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the Reconsideration Refusal Letter speaks for itself and Defendants admit that the Reconsideration Refusal Letter includes a citation to *Burrow-Giles Lithographic Co. v. Sarony*, 111 U.S. 53, 56 (1884), however, to the extent the allegations in

Paragraph 70 paraphrases or characterizes the Reconsideration Refusal Letter, Defendants deny the allegations to the extent they are inconsistent with the administrative record.  Any remaining allegations are denied.

71.    Paragraph 71 includes argumentative and conclusory statements made by Plaintiff and statements of law that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the Reconsideration Refusal Letter speaks for itself and to the extent the allegations in Paragraph 71 paraphrase or characterize the Reconsideration Refusal Letter, Defendants deny the allegations to the extent they are inconsistent with the administrative record.  Additionally, as to the quoted language in the second sentence of Paragraph 71, *Burrows-Giles* speaks for itself, and requires no response. Any remaining allegations are denied.

72.    As to the quoted language in the first sentence of Paragraph 72, *Burrows-Giles* speaks for itself, and requires no response.  The second sentence of Paragraph 72 includes argumentative and conclusory statements made by Plaintiff and conclusions of law that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

73.    The quoted language in the first sentence of Paragraph 73 speaks for itself, and requires no response.  The remainder of Paragraph 73 consists of argumentative and conclusory statements made by Plaintiff and conclusions of law

that require no response. To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

74. As to the first two sentences of Paragraph 74, Defendants lack knowledge and information sufficient to form a belief as to the truth of the assertions and those assertions are deemed denied. The third, fourth, and fifth sentences of Paragraph 74 consist of argumentative and conclusory statements made by Plaintiff and conclusions of law that require no response. To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

75. Paragraph 75 includes quotations and citations to the Board Letter, which speaks for itself. To the extent the allegations in Paragraph 75 paraphrase or characterize the Board Letter, Defendants deny the allegations to the extent they are inconsistent with the letter.

76. The first and last sentences of Paragraph 76 include argumentative and conclusory statements made by Plaintiff that require no response. To the extent the sentences are deemed to contain allegations that require a response, the same are denied. The remainder of Paragraph 76 includes quotations and citations to the Board Letter. The Board Letter speaks for itself. To the extent the allegations in Paragraph 76 paraphrase or characterize the Board Letter, Defendants deny the allegations to the extent they are inconsistent with the letter.

77.     Paragraph 77 includes argumentative and conclusory statements made by Plaintiff and conclusions of law that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, Plaintiff's representations in the administrative record speak for themselves and Defendants deny the allegations to the extent that they are inconsistent with or not included in Plaintiff's representations in the administrative record.  Any remaining allegations are denied.

78.     Paragraph 78 includes argumentative and conclusory statements made by Plaintiff and conclusions of law that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, Plaintiff's representations in the administrative record speak for themselves and Defendants deny the allegations to the extent that they are inconsistent with or not included in Plaintiff's representations in the administrative record.  Any remaining allegations are denied.

79.     The first and second sentences of Paragraph 79 include argumentative and conclusory statements made by Plaintiff and conclusions of law that require no response.  To the extent the sentences are deemed to contain allegations that require a response, Plaintiff's representations in the administrative record speak for themselves and Defendants deny the allegations to the extent that they are inconsistent with or not included in Plaintiff's representations in the administrative record.  The remainder of Paragraph 79 includes statements of law, including

quoted language in the speaks for itself, that require no response.  To the extent the
paragraph is deemed to contain allegations that require a response, the same are
denied.

80.    Paragraph 80 includes quotations and statements of law that require
no response.  Paragraph 80 also includes argumentative and conclusory statements
made by Plaintiff that require no response.  To the extent the paragraph is deemed
to contain allegations that require a response, the same are denied.

81.    Paragraph 81 includes quotations and statements of law that require
no response.  Paragraph 81 also includes argumentative and conclusory statements
made by Plaintiff that require no response.  To the extent the paragraph is deemed
to contain allegations that require a response, the same are denied.

82.    Paragraph 82 includes argumentative and conclusory statements made
by Plaintiff and conclusions of law that require no response.  To the extent the
paragraph is deemed to contain allegations that require a response, the same are
denied.

83.    Paragraph 83 includes statements of Plaintiff's positions,
argumentative and conclusory statements made by Plaintiff, and conclusions of law
that require no response.  To the extent the paragraph is deemed to contain
allegations that require a response, Defendants admit that there were a variety of
views regarding authorship of photographs, however, Defendants lack knowledge
and information sufficient to form a belief as to the truth of the assertions regarding

the unnamed sources referenced in the second and third sentences of Paragraph 83 and those assertions are deemed denied. Any remaining allegations are denied.

84. Paragraph 84 contains statements of Plaintiff's position and conclusions of law that require no response. To the extent the paragraph is deemed to contain additional allegations that require a response, Defendants admit that uses of AI are proliferating and being used in multiple fields. As to the remaining allegations, including Plaintiff's description of other technologies, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and those allegations are deemed denied. Any remaining allegations are denied.

85. The first sentence of Paragraph 85 includes a quotation and citation to the Reconsideration Refusal Letter and the *Compendium*. The Reconsideration Refusal Letter and *Compendium* speak for themselves. To the extent the allegations in the first sentence of Paragraph 85 paraphrases or characterizes the Reconsideration Refusal Letter, Defendants deny the allegations to the extent they are inconsistent with the letter. To the extent the Paragraph 85 paraphrases or characterizes the *Compendium*, or takes quotations out of context, Defendants deny the allegations to the extent they are inconsistent with the *Compendium*. The remainder of Paragraph 85 includes argumentative and conclusory statements made by Plaintiff and conclusions of law that require no response. To the extent the

paragraph is deemed to contain allegations that require a response, the same are denied.

86.    Paragraph 86 include argumentative and conclusory statements made by Plaintiff and conclusions of law that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, Defendants admit that copyright does not protect purely AI-generated material, or material where there is insufficient human control over expressive elements.  Defendants also admit that generating prompts alone is insufficient to make an AI-generated image copyrightable.  Further, the cited opinion in Paragraph 86, *Thaler v. Perlmutter,* 687 F. Supp. 3d 140, 143 (D.D.C. 2023), speaks for itself.  Defendants deny Plaintiff's characterization of the court's opinion to the extent it is inconsistent with or mischaracterizes the opinion.  Any remaining allegations are denied.

87.    Paragraph 87 includes statements of law and legal conclusions that require no response.  To the extent the paragraph is deemed to contain allegations that require response, Defendants admit that copyright protection requires human authorship, and that Defendants filed a brief in *Thaler v. Perlmutter*, No. 23-5233 (D.C. Cir.), containing the quoted language in Paragraph 87.  The quotations and citations to documents in the *Thaler* case, as well as the Copyright Act, speak for themselves.  Defendants deny Plaintiff's characterization of these documents to the extent the allegations in Paragraph 87 are inconsistent with, mischaracterize, or do not correctly attribute them.  Any remaining allegations are denied.

88.    Paragraph 88 includes argumentative and conclusory statements made by Plaintiff and statements of law that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

89.    Paragraph 89 includes argumentative and conclusory statements made by Plaintiff that require no response. Additionally, as to the first sentence of Paragraph 89, the Reconsideration Refusal Letter speaks for itself.  To the extent Paragraph 89 paraphrases or characterizes the Reconsideration Refusal Letter or the administrative record, Defendants deny the allegation to the extent it is inconsistent with the letter of or the administrative record.  To the extent the paragraph is deemed to contain allegations that require a further response, the same are denied.

90.    Paragraph 90 includes statements of Plaintiff's positions, conclusory statements made by Plaintiff, and conclusions of law to which no response is required.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

91.    Paragraph 91 includes statements of Plaintiff's positions, conclusory statements made by Plaintiff, and conclusions of law, to which no response is required.  To the extent the paragraph is deemed to contain allegations that require a response, Defendants admit that the Constitution requires that the law promote the progress of science and the useful arts by securing for limited times to authors

29

and inventors the exclusive right to their respective writings and discoveries, however, Defendants deny Plaintiff's suggestions that all forms of expression should be protected by copyright.  Any remaining allegations are denied.

92.    Paragraph 92 includes quotations and conclusions of law that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

93.    Paragraph 93 includes statements of Plaintiff's positions, conclusory statements made by Plaintiff, and conclusions of law, to which no response is required.  To the extent the paragraph is deemed to contain allegations that require a response, Plaintiff's representations in the administrative record speak for themselves and Defendants deny the allegations to the extent that they are inconsistent with or not included in Plaintiff's representations in the administrative record.  Any remaining allegations are denied.

94.    Paragraph 94 includes conclusory statement made by Plaintiff and questions, not allegations, that require no response. To the extent the paragraph is deemed to contain allegations that require a response, Plaintiff's representations in the administrative record speak for themselves and Defendants deny the allegations to the extent that they are inconsistent with or not included in Plaintiff's representations in the administrative record.  Any remaining allegations are denied.

95.    The first sentence of Paragraph 95 is a conclusory statement made by Plaintiff that requires no response.  Defendants admit that the quoted language in the second sentence of Paragraph 95 is found within §§ 310.2, 310.5, and 310.7 of the *Compendium* and deny that the quoted language is found in the cited § 310.6. The *Compendium* speaks for itself, and Defendants deny the allegations to the extent that they are inconsistent with or misrepresent the *Compendium*.  Except as expressly admitted, Defendants deny any remaining allegations of this paragraph.

96.    Paragraph 96 includes statements of Plaintiff's position and quotations and conclusion of law that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

97.    Paragraph 97 includes conclusory statements made by Plaintiff and quotations of law that require no response.  The second sentence of Paragraph 97 includes a quotation from the Refusal Letter.  The Refusal Letter and the statements regarding *Mazer v. Stein* speak for themselves.  To the extent the allegation in the second sentence of Paragraph 97 paraphrases or characterizes the Refusal Letter, Defendants deny the allegations to the extent they are inconsistent with the letter.  To the extent the paragraph is deemed to contain additional allegations that require a response, Defendants admit that, shortly after receiving Plaintiff's application, the Copyright Office became aware that *Théâtre D'opéra Spatial* was created using Midjourney.  Except as expressly admitted, Defendants deny any remaining allegations of this paragraph.

98.    Paragraph 98 includes argumentative and conclusory statements made by Plaintiff and statements of law that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

99.    As to the first sentence of Paragraph 99, Defendants admit that the examiner corresponded with Plaintiff's counsel.  The Examiner Correspondence is included in the administrative record and speaks for itself.  To the extent the allegations in the first sentence of Paragraph 99 paraphrase or characterize the Examiner Correspondence, Defendants deny the allegations to the extent they are inconsistent with the administrative record.  The remainder of Paragraph 99 consists of statements of Plaintiff's positions, argumentative and conclusory statements made by Plaintiff, and conclusion of law that require no response.  To the extent the paragraph is deemed to contain allegations that require a response, the same are denied.

## CAUSES OF ACTION

**FIRST CAUSE OF ACTION**

### (Administrative Procedure Act Violation for Denial of Plaintiff's Application)

A.    Defendants re-allege and incorporate the admissions and denials as stated in Paragraphs 1-99 above.

B.    Defendants admit that the Copyright Office's Board Letter affirming the refusal to register the Work is a final agency action.  Defendants

further admit that Plaintiff is seeking to reverse the Copyright Office's

refusal to register.  Any remaining allegations of Paragraph B are

denied.

C.    Defendants deny Paragraph C of the Complaint.

D.    Defendants deny Paragraph D of the Complaint.

E.    Defendants deny Paragraph E of the Complaint.

F.    Defendants deny Paragraph F of the Complaint.

## I.    CLAIM FOR RELIEF

**Violation of the Administrative Procedure Act and the Copyright Act**

G.    Defendants re-allege and incorporate the admissions and denials as

stated in Paragraphs 1-99 and A-F above.

H.    Defendants deny Paragraph H of the Complaint.

I.    Defendants deny Paragraph I of the Complaint.

J.    Defendants deny Paragraph J of the Complaint.

## PRAYER FOR RELIEF

A.    Defendants deny Paragraph A of the Prayer for Relief.

B.    Defendants deny Paragraph B of the Prayer for Relief.

C.    Defendants deny Paragraph C of the Prayer for Relief.

D.    Defendants deny Paragraph D of the Prayer for Relief.

Plaintiff's "DEMAND FOR JURY TRIAL AND REQUEST FOR ORAL

ARGUMENT" is a conclusory statement of law made by Plaintiff that requires no

response.  To the extent that an answer is deemed to be requires, Defendants deny that Plaintiff is entitled to a jury trial.

### **DEFENSES**

1.    The Complaint fails to state a claim upon which relief can be granted. The Complaint contains solely legal conclusions and fails to allege any facts to support such conclusions.

2.    The Copyright Office's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

WHEREFORE, Defendant Shira Perlmutter, Register of Copyrights and Director of the United States Copyright Office, and Defendant the United States Copyright Office pray that Plaintiff's Complaint be dismissed and for such other and further relief as may be deemed appropriate.

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General

SCOTT BOLDEN
Director

s/ Jenna Munnelly
JENNA MUNNELLY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, DC 20530
Email: jenna.e.munnelly@usdoj.gov
Telephone:   (202) 616-1061

*Counsel for Defendants*

Of Counsel:
SUZANNE JOHNSON
Department of Justice

Dated:  January 28, 2025