IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 24-cv-02665-REB

JASON ALLEN, an individual,

      Petitioner,

 v.

SHIRA PERLMUTTER, in her official capacity as Register of Copyrights and Director of the United States Copyright Office, and THE COPYRIGHT OFFICE,

      Defendants.

---

**JOINT CASE MANAGEMENT PLAN FOR PETITIONS
FOR REVIEW OF AGENCY ACTION**

---

## 1.  APPEARANCES OF COUNSEL

For Petitioner: Tamara Pester Schklar


For Defendants: Jenna Munnelly and Suzanne Johnson


## 2.  STATEMENT OF LEGAL BASIS FOR SUBJECT MATTER JURISDICTION

      a.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question jurisdiction) and 5 U.S.C. § 702 (Administrative Procedures Act jurisdiction).  Defendants have been served.

b.      Venue is proper in this district under 28 U.S.C. § 1391(e) because Plaintiff resides in this district.

c.      Defendants contest jurisdiction as to the relief requested in Paragraph B of the Prayer for Relief of Plaintiff's Complaint.   Paragraph B of the Prayer for Relief requests the Court "[o]rder the United States Copyright Office to register 'Theatre D'Opera Spatial' as a copyright-protected work."  Dkt. 1 at 39.  Such relief, however, is outside the scope of the Administrative Procedure Act (APA).  *See, e.g.*, *Coach, Inc. v. Peters*, 386 F. Supp. 2d 495, 498 (S.D.N.Y. 2005) ("plaintiffs have citied no authority, and the Court is aware of none, that would allow this Court, on a review under the APA, to order [the Copyright Office] to register the works") (citing *Atari Games Corp. v. Oman*, 979 F.2d 242, 247 (D.C. Cir. 1992) (remanding to "the district court with instructions to again return the matter of Atari's application to the Register for renewed consideration")).

d.      Plaintiff asserts that jurisdiction is appropriate because he has exhausted the remedies available within the Copyright Office; his only hope of protecting his rights is for the Court to determine that his work is ripe for Copyright registration and overturn the refusal.  E.g., *Uni Hosiery Co. Inc. v. Union Am. Int'l*, No. CV070308CASFFMX, 2013 WL 12204320, at *7 (C.D. Cal. Apr. 8, 2013)

e.      Plaintiff's Complaint includes Paragraph A of the Prayer for Relief requesting that the Court determine that the refusal to register "Theatre D'Opera Spatial" is arbitrary, capricious, an abuse of discretion, and not in accordance with law. Accordingly, Plaintiff asserts the Court may, at its discretion, return the Work to the Register with instructions to reverse the decision, or issue other remedies as appropriate.

- 2 -

Plaintiff further asserts that Courts have discretion and may apply their own judgment and set aside incorrect administrative decisions. *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244, 2261 (2024).

**3.      DATES OF FILING OF RELEVANT PLEADINGS**

**A.      Date Petition for Review Was Filed:** September 26, 2024

**B.      Date Petition for Review Was Served on U.S. Attorney's Office:**
The Copyright Office was served on November 26, 2024 and the Attorney General was served on November 29, 2024.

**C.      Date Answer or Other Response Was Filed:** January 28, 2025

**4.      STATEMENT(S) REGARDING WHETHER THIS CASE RAISES UNUSUAL CLAIMS OR DEFENSES**

**Petitioner's Statement**: Petitioners believe this matter presents unusually complicated and out-of-the-ordinary claims.  It involves the Copyright Office's refusal of registration of an artwork created using AI tools.  The application for registration was filed prior to the Copyright Office's formal guidance on registrability of AI-assisted works.  Petitioner does not believe that the Examiner or staff at the Copyright Office had a full understanding of how the Midjourney tool worked at the time the application was reviewed.

**Defendants' Statement**: This is a claim for review of an agency decision based on the administrative record and pursuant to the APA.  Defendants do not believe this case raises any unusual claims or defenses.

**5.     OTHER MATTERS**

**Petitioner's Statement**: Petitioner would like the opportunity to serve discovery on the Copyright Office staff, as their refusal of registration is not consistent with the most recent guidance issued in January 2025.[1] Specifically, the new guidance has a specific example on Page 34-35 which is very similar to Petitioner's process, but in the example, the Copyright Office indicates that a work created by a human using such the Midjourney selection/upscaling process *is capable of registration*.

**Defendants' Statement**: As discussed in Defendants' Position in Section 9 below, the Court's review should be limited to the administrative record and discovery is not warranted.  The Copyright Office's report, Copyright and Artificial Intelligence, Part 2: Copyrightability, dated January 2025, is consistent with the Office's prior positions, including its refusal to register the work at issue based on the record before it. Specifically, in discussing how "several commenters noted, [that] human authors should be able to claim copyright if they select, coordinate, and arrange AI-generated material in a creative way," Section II.F. of the Report, Modifying or Arranging AI-Generated Content, states, *inter alia*, "the copyright would extend to the material the human author contributed but would not extend to the underlying AI-generated content itself" and "[w]hether such modifications rise to the minimum standard of originality required under

---

[1] Copyright and Artificial Intelligence Part 2: Copyrightability - A REPORT of the register of copyrights January 29, 2025.[1] , available at https://www.copyright.gov/ai/Copyright-and-Artificial-Intelligence-Part-2-Copyrightability-Report.pdf, and attached hereto

*Feist* will depend on a case-by-case determination."  U.S. Copyright Off., Copyright and

Artificial Intelligence, Part 2: Copyrightability at 24-27 (2025) (citations omitted).

**6.    PROPOSED BRIEFING SCHEDULE**

**A.    Deadline for Filing Administrative Record:** February 27, 2025

**A1.**  Petitioner requests that discovery occur between March 25 – July 25, 2025, as further detailed below.

As discussed in Section 9 below, Defendants do not believe discovery is warranted here.

**B.    Deadline for Parties to Confer on Record Disputes:** May 25, 2025

**C.    Deadline for Filing Motions to Complete and/or Supplement the Administrative Record:** June 20, 2025

**D.    Petitioner's Opening Brief Due:** August 25, 2025

The parties are in agreement and request a page limit of 45 pages,

inclusive of the cover page, jurisdictional statement, statement of facts,

procedural history, argument, closing, signature block, and all other

matters for Petitioner's Opening Brief.

**E.    Respondent's Response Brief Due:** November 25, 2025

The parties are in agreement and request a page limit of 45 pages,

inclusive of the cover page, jurisdictional statement, statement of facts,

procedural history, argument, closing, signature block, and all other

matters for Defendants' Response Brief.

    **F.**    **Petitioner's Reply Brief (If Any) Due:** December 10, 2025

**7. STATEMENTS REGARDING ORAL ARGUMENT**

    **A.**    **Petitioner's Statement:** As this matter involves unique issues, Petitioner requests oral argument. This is a case of first impression in this Circuit. It is the first time any District Court in Colorado has heard a case involving the question of whether an artist who creates a work using Artificial Intelligence tools may protect that work through formal Copyright registration. This case involves a complex factual record and presents intricate and novel legal issues. This Court's decision will affect not only the parties to this litigation, but may also affect artists throughout this country. The Court's decision will either encourage or deter artists and creators from using the most advanced technology available, and will determine the extent to which they can legally protect and enforce their rights if they choose to use AI tools.  This case raises issues of copyright that have a history of being reversed on appeal. The opportunity to address these issues in greater detail to this Court, and to respond to inquiries from this Court, will aid the Court in its decision-making process.

    **B.**    **Defendants' Statement:** This is a claim for review of an agency decision based on the administrative record and pursuant to the APA.  Defendants do not believe oral argument is needed but will be available for oral argument at the Court's convenience.

- 6 -

**8.  CONSENT TO EXERCISE OF JURISDICTION BY MAGISTRATE JUDGE**

*Indicate below the parties' consent choice.*

**A.      ( )      All parties have consented to the exercise of jurisdiction of a United States Magistrate Judge.**

**B.      ( X )    All parties have not consented to the exercise of jurisdiction of a United States Magistrate Judge.**

**9.  OTHER MATTERS - DISCOVERY**

**Petitioner's Position**

Petitioner, without prejudice to its rights to seek discovery on any relevant issue, contemplates seeking any extraneous facts or circumstances on which the Copyright Office personnel relied in determining that the Work was not eligible for Copyright protection.  Specifically, Petitioner requests discovery regarding how the Copyright Office personnel determined that the Midjourney program generates artistic works without human intervention, and the extent to which any personnel relied on news articles or other sources of information in reaching their decision.  See, e.g., *Dep't of Com. v. New York*, 588 U.S. 752, 139 S. Ct. 2551, 204 L. Ed. 2d 978 (2019) (district court's order for extra-record discovery was justified under narrow exception to general rule against judicial inquiry into mental processes of administrative decisionmakers, which exception applies if strong showing of bad faith or improper behavior is made); *Hays Med. Ctr. v. Azar*, 956 F.3d 1247, 1263 (10th Cir. 2020) (if agency relied on impermissible considerations or "entirely failed to consider an important aspect of the problem," then it acted arbitrarily and capriciously).  Discovery is appropriate in a review of an agency action when the

- 7 -

information sought is relevant to the issues in contention. *United States v. Sec. Bank & Tr. Co.*, 661 F.2d 847, 850 (10th Cir. 1981) (involving IRS tax liability).

**a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

Petitioner does not request any modifications to the number of depositions or interrogatories allowed to parties under the Federal Rules.

**b.  Limitations which any party proposes on the length of depositions.**

Petitioner does not request any modifications to the number of depositions or interrogatories allowed to parties under the Federal Rules.

**c.  Limitations which any party proposes on the number of requests for production and/or requests for admission.**

Petitioner does not request any modifications to the number of depositions or interrogatories allowed to parties under the Federal Rules.

**d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

Petitioner requests a deadline of July 25, 2025 for services of any discovery requests.

**e.  Other Planning or Discovery Orders**

Petitioner's proposed discovery plan:

i.      **Objective of the Discovery Plan**:  To ascertain the basis for the United States Copyright Office's determination that the Midjourney program generates artistic works without human intervention.  To explore the extent to which the Copyright

- 8 -

Office personnel relied on external sources, such as news articles, in reaching their decision regarding the copyrightability of "Théâtre D'opéra Spatial."

ii. **Discovery Methods**:

A.     Interrogatories: Serve by May 4, 2025, with questions focused on the decision-making process and reliance on external sources.

B.     Requests for Production of Documents:  Serve by April 4, 2025, requesting documents, communications, and records related to the evaluation of the copyright application, including references to Midjourney and external sources.

C.     Depositions:  Schedule depositions after receiving written discovery responses, aiming to complete by August 15, 2025.  Focus on personnel directly involved in the decision-making process.

iii.     **Proposed Discovery Timeline**:

•     May 25, 2025: Serve all written discovery requests (interrogatories and requests for production).

•     June 4, 2025: Deadline for defendants to respond to written discovery requests.

•     June11, 2025: Review responses and identify key personnel for depositions.

•     June 18, 2025: Serve notices of deposition and coordinate schedules.

•     July 1 - July 25, 2025: Conduct depositions of key personnel involved in the copyright decision.

iv.    **Areas of Inquiry:**

•    Methodology and criteria used by the Copyright Office for AI-assisted artworks.

•    Role of external information, such as news articles, in the decision-making process.

•    Internal discussions or guidelines about the copyrightability of AI-generated works.

•    View of experts dealing with AI, photography, art, and copyright law on this issue

v. **Conclusion**:  The discovery plan aims to gather necessary information to challenge the Copyright Office's decision and support the claim that "Théâtre D'opéra Spatial" meets copyright criteria, focusing on human creative input guiding AI tools like Midjourney.

**Defendants' Position:**

This is a case for review of an agency decision based on the administrative record and pursuant to the APA.  "Discovery is generally not allowed in APA cases because the court's review of agency action is limited to the administrative record." *Glenwood Springs Citizens' All. v. United States Dep't of the Interior*, No. 20-cv-00658, 2021 WL 916002, at *1 (D. Colo. March 10, 2021) (citing *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579-80 (10th Cir. 1994)).   Both the Supreme Court and the Tenth Circuit have emphasized that "the focal point for judicial review should be the administrative record

already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Lewis v. Babbitt*, 998 F.2d 880, 882 (10th Cir. 1993) ("Judicial review . . . is generally based on the administrative record that was before the agency at the time of its decision").  The Supreme Court has "recognized a narrow exception to the general rule against inquiring into 'the mental processes of administrative decisionmakers'" but only on a "'strong showing of bad faith or improper behavior.'" *Dep't of Com. v. New York*, 588 U.S. 752, 781 (2019) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)).  Here, a "strong showing of bad faith or improper behavior" has not been made, or even alleged, and therefore the narrow exception to allow discovery outside of the administrative record is not applicable.  *Id.*

Further, no expert testimony is needed.  *See, e.g.*, *Franklin Sav. Ass'n v. Dir., Off. of Thrift Supervisions*, 934 F.2d 1127, 1149 (10th Cir. 1991) ("The proper inquiry under the arbitrary and capricious standard is not which expert is more impressive, or even if the reviewing court *agrees* with a particular view over another.  Rather, the appropriate inquiry of the reviewing court is whether a reasonable person considering the matters on the agency's table could find a rational basis to arrive at the same judgment as made by the director.") (emphasis in original).  The Court's review should be limited to the administrative record and discovery is not warranted.  Defendants object to Plaintiff's proposed discovery plan and proposed discovery timeline.  The briefing schedule outlined in Section 6 above, briefing based on the administrative record, is all that is required here.

**10.  AMENDMENTS TO JOINT CASE MANAGEMENT PLAN**

This Joint Case Management Plan cannot be altered or amended except upon a showing of good cause.

DATED this _____ day of _____, 20____.

BY THE COURT

_____
Judge Robert E. Blackburn
U.S. District Court Judge

APPROVED:

s/ Tamara S. Pester_____
Tamara Pester
Tamara S. Pester, LLC dba TMBTQ
Box 6601 Denver, CO 80206
tamara@tmbtq.com
(303) 333-4696

Attorney(s) for Petitioner(s)

YAAKOV ROTH
Acting Assistant Attorney General

SCOTT BOLDEN
Director

s/ Jenna Munnelly_____
JENNA MUNNELLY
SUZANNE JOHNSON
U.S. Dept. of Justice
Washington, DC 20530
Telephone: (202) 616-1061
Email:  jenna.e.munnelly@usdoj.gov

*Attorneys for Defendants*