IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02665-STV

JASON ALLEN, an individual,

    Plaintiff,

v.

SHIRA PERLMUTTER, in her official capacity as Register of Copyrights and Director of the United States Copyright Office, and THE COPYRIGHT OFFICE,

    Defendants.

---

**JOINT MOTION TO CONVERT SCHEDULING CONFERENCE
TO STATUS CONFERENCE AND VACATE THE RELATED DEADLINE**

---

Plaintiff, Jason Allen, and Defendants, Shira Perlmutter, in her official capacity as Register of Copyrights and Director of the United States Copyright Office, and the Copyright Office ("the Parties"), jointly move to convert the scheduling conference currently set for May 13, 2025, at 9:15 a.m., to a status conference and to vacate the related deadline to submit a proposed scheduling order by May 6, 2025, ECF No. 26.  Good cause exists for the requested relief.  Specifically, the case is assigned to the Court's AP Docket, *see* ECF No. 20, the Court has issued the Parties' proposed Joint Case Management Plan ("JCMP"), which includes an agreed upon briefing schedule, *see* ECF No. 23, and "this case continues to be regulated by the Local Rules of Practice of the United States District Court for the District of Colorado - AP Rules," ECF No. 24 at 2.

## BACKGROUND

Plaintiff brings this action challenging the Copyright Office's denial of his application for copyright registration.  *See* ECF No. 1.  Plaintiff is seeking "declaratory judgment that the work

1

plaintiff submitted to the U.S. Copyright Office is capable of formal Copyright registration" and raises Administrative Procedure Act ("APA") claims pursuant to 5 U.S.C. § 706. *See id.* ¶ 1; *id.* at Claim for Relief ¶ H.

On September 26, 2024, the case was referred to Magistrate Judge Starnella and on October 25, 2024, the Court ordered the parties to file a proposed scheduling order and appear at a scheduling conference on December 12, 2024. *See* ECF No. 6. On November 27, 2024, Plaintiff filed two motions for extension of time to hold the scheduling conference. *See* ECF Nos. 7, 8. On December 2, 2024, the Court granted Plaintiff's motion and reset the scheduling conference to February 4, 2025. *See* ECF No. 10.

On January 27, 2025, Defendants moved for reassignment to the Court's AP Docket and to vacate the February 4, 2025 scheduling conference. *See* ECF No. 12. On January 27, 2025, the February 4, 2025 scheduling conference was vacated, *see* ECF No. 15, and on January 30, 2025 the case was assigned to the Court's AP Docket, *see* ECF No. 20. On February 24, 2025, pursuant to the Court's January 31, 2025 Order, the Parties filed a proposed JCMP, ECF No. 21. The Parties' proposed JCMP included the Parties' respective positions regarding Plaintiff's request for discovery. *See id.* at 3-5, 7-11. On February 27, 2025, Defendants filed the administrative record. *See* ECF No. 22.

On March 10, 2025, the Court entered the JCMP and noted in Section 11, "[t]he judge assigned to address this case on the merits shall determine the discovery issues summarized in this joint case management plan." ECF No. 23 at 11. On March 11, 2025, the Court issued its Order Directing Reassignment, stating that the JCMP "indicates that there are discovery issues which must be resolved in order to move this case toward resolution" and "I find the discovery issues

summarized in the [JCMP] to be sufficiently intertwined with the merits of the underlying controversy to suggest that the AP judge should refrain from resolving those issues to avoid binding the merits judge to a ruling which he or she may view differently." ECF No. 24 at 1-2. The Court's March 11 Order also stated, "[t]he parties are reminded that this case continues to be regulated by the Local Rules of Practice of the United States District Court for the District of Colorado - AP Rules." *Id.* at 2.

On March 12, 2025, the case was reassigned to Chief Magistrate Judge Scott T. Varholak and an Order Setting Deadlines for Filing Election Concerning Consent/Non-Consent to Magistrate Jurisdiction Form and Setting Scheduling Conference was issued. *See* ECF No. 26. The Court's March 12 Order sets a scheduling conference for May 13, 2025 at 9:15am and orders the Parties to file a proposed scheduling order on or before May 6, 2025. *See id.*

**ARGUMENT**

Pursuant to the Court's AP Rules, D.C.COLO.LAPR 16.1, in cases commenced under 5 U.S.C. § 706, for review of a final decision of an administrative agency, "[a] scheduling conference under D.C.COLO.LCivR 16.1 shall not be conducted" and a case schedule will be set by a JCMP. The Court issued the Parties' JCMP on March 10, 2025, including setting the agreed upon briefing schedule. *See* ECF No. 23. Therefore, a proposed scheduling order and a scheduling conference to set scheduling deadlines is not necessary here. As the Court noted in its March 11 Order, the Parties' JCMP "indicates that there are discovery issues which must be resolved in order to move this case toward resolution." ECF No. 23. Therefore, the Court ordered reassignment to a merits judge for resolution of the "discovery issues summarized in the [JCMP]." ECF No. 24 at 1.

The Parties propose that the Court conduct the scheduled May 13, 2025 scheduling

3

conference as a status conference, where the parties will be prepared to discuss their respective positions regarding Plaintiff's request for discovery. *See* ECF No. 23 at 3-5, 7-11 (detailing the Parties' respective positions regarding Plaintiff's request for discovery). Converting the scheduling conference to a status conference, and vacating the related deadline for a joint proposed scheduling order, would allow the Parties and the Court to use the time reserved for the scheduling conference to discuss and potentially resolve the discovery issue.

To promote judicial efficiency and avoid unnecessary expenditure of resources, the Parties both favor a status conference. In the absence of such a conference, Plaintiff will proceed with drafting and serving discovery documents, fully anticipating objections from Defendants. Without clear direction from the Court regarding any limitations on discovery, both parties will be required to invest time and resources into drafting discovery, objections, a Motion to Compel, and Responses/Replies, all of which will ultimately raise the same issues that could be more efficiently addressed through a status conference.

The requested relief will not prejudice any party or delay the progression of this case because the Parties' agreed upon briefing schedule has already been set by the Court's issuance of the JCMP, ECF No. 23. The requested relief will simplify and streamline the proceedings and promote efficiency and judicial economy.

## CONCLUSION

For the reasons stated above, the Parties respectfully request that the Court convert the scheduling conference currently set for May 13, 2025 at 9:15am, ECF No. 26, to a status conference and vacate the related deadline to submit a proposed scheduling order.

4

| | Respectfully Submitted, |
|---|---|
| s/ Tamara Pester<br>Tamara Pester<br>Tamara S. Pester, LLC dba TMBTQ<br>Box 6601 Denver, CO 80206<br>tamara@tmbtq.com<br>(303) 333-4696<br><br>*Attorney for Plaintiff* | YAAKOV M. ROTH<br>Acting Assistant Attorney General<br><br>SCOTT BOLDEN<br>Director<br><br>/s/ Jenna Munnelly<br>JENNA MUNNELLY<br>SUZANNE JOHNSON<br>U.S. Dept. of Justice<br>Washington, DC 20530<br>Telephone: (202) 616-1061<br>Email: jenna.e.munnelly@usdoj.gov<br><br>*Attorneys for Defendants* |

Dated: March 20, 2025