IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02665-WJM

JASON ALLEN, an individual,

Plaintiff,

v.

SHIRA PERLMUTTER, in her official capacity as Register of Copyrights and Director of the United States Copyright Office, and THE COPYRIGHT OFFICE,

   Defendants.

## MOTION TO WITHDRAW AS COUNSEL AND FOR A CONTINUANCE

COMES NOW, Tamara Pester, attorney for Plaintiff, Jason Allen, and respectfully moves this Court for an order permitting withdrawal as counsel for Plaintiff in the above-captioned matter under D.C.COLO.LAttyR 5 (b). Additionally, undersigned counsel respectfully moves this Court for a continuance of the Status Conference currently set for April 24, 2025, at 10:00 a.m., to a date on or after May 23, 2025.

In support of this motion, counsel states as follows:

1. Counsel has represented Plaintiff in this matter and the related Copyright application since September 2022.

2. Due to Counsel's impending medical procedure requiring both time and a monetary commitment, as well as Plaintiff's current inability to pay for legal services provided by the attorney, counsel is no longer able to continue representation of Plaintiff.

3. Plaintiff has been informed of counsel's intention to withdraw.

4. As detailed in the attached Confidential Affidavit and exhibits, the engagement letter between Counsel and Plaintiff permits Counsel to withdraw in the event that bills are not promptly paid, and that in such an event, the client agrees to a stipulation executed by him allowing withdrawal as his attorney in any judicial, arbitration or similar.

5. Despite the written and enforceable agreement to the contrary, Plaintiff has indicated that "I hope you can understand my concern about consenting to a withdrawal . . . The risk on your end may be financial, but the risk on mine could be far more permanent. With that in mind, I'm not comfortable consenting at this time. I feel it would be premature, and I believe it's reasonable to wait until new counsel is confirmed *and* opposing counsel has responded to your request." See Exhibit 3 to the Confidential Affidavit.

6. Counsel has secured the consent of Defendant to this withdrawal and a 30-day continuance of the matter.

7. Plaintiff requires additional time to engage an alternative attorney.

8. Counsel's withdrawal will not prejudice any party or delay the progression of this case.

9. Counsel's withdrawal is in accordance with Rule 1.16. of the Colorado Rules of Professional Conduct, specifically sections (b) 5-6 permitting withdrawal if:

> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client.

10. Additionally, note 8 to the Rule provides that "a lawyer may withdraw if the client refuses to abide by the terms of an agreement relating to the representation, such as an agreement concerning fees or court costs or an agreement limiting the objectives of the representation."

11. Mr. Allen is not abiding by our agreement concerning fees.

12. The requested continuance will not prejudice any party or delay the progression of this case.

13. Good cause exists for the requested relief.

14. The court has discretion to grant the withdrawal. "The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court and will be reversed on appeal only when the trial court has abused its discretion." <u>Washington v. Sherwin Real Estate, Inc</u>., 694 F.2d 1081, 1087 (7th Cir.1982). Generally, district courts consider whether the case will be disrupted by the withdrawal of counsel; however, there are some situations in which an attorney will be permitted to withdraw even if it results in disruption. <u>Sanders v. Sw. Bell Tel., L.P.</u>, No. 03-CV-0452-CVE-FHM, 2009 WL 1765981, at *2 (N.D. Okla. June 16, 2009). In this matter, the proposed relief will not result in either disruption or prejudice.

WHEREFORE, counsel respectfully requests that this Court grant the motion to withdraw as counsel for Plaintiff.

WHEREFORE, Counsel respectfully requests that this Court grant the motion for continuance.

Respectfully Submitted,

  s/        Tamara Pester

 Tamara S. Pester, LLC dba TMBTQ

 Box 6601 Denver, CO 80206

 tamara@tmbtq.com

 (303) 333-4696

 *Attorney for Plaintiff*

 Dated: April 5, 2025

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing MOTION and ORDER was served email on all counsel or parties of record listed below as of this April  4 , 2025.

s/Tamara Pester/

SERVICE LIST

U.S. Dept. of Justice:

    JENNA MUNNELLY

    SUZANNE JOHNSON

    *Via Email:* jenna.e.munnelly@usdoj.gov *and Suzanne.M.Johnson@usdoj.gov*

    YAAKOV M. ROTH, Acting Assistant Attorney General

    SCOTT BOLDEN, Director

Jason Allen

Plaintiff

1505 West Caballo Drive
Pueblo West, CO 81007

(719) 930-3283

Via email: jasonallen.cs@gmail.com