IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JASON ALLEN,<br><br>Plaintiff,<br><br>v.<br><br>SHIRA PERLMUTTER; and<br>THE UNITED STATES COPYRIGHT OFFICE,<br><br>Defendants. | Civil Action No. 1:24-cv-02665-WJM<br><br>**JURY TRIAL DEMANDED** |

**UNOPPOSED MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Professor Edward Lee moves for leave to file the attached *amicus curiae* brief (Ex. 1) in support of Plaintiff Jason Allen's Motion for Summary Judgment, ECF No. 41.[1]

*Amicus* Edward Lee is a professor of law specializing in copyright law who has researched and written on the meaning of "authors" in the Copyright Clause of the Constitution and how it bears on the issue raised by prompt-engineering with generative AI, the legal issue raised in this case.[2] Professor Lee has a professional interest in assisting the development of copyright law in a way that promotes progress in the United States and serves the larger public interest.

The five factors this Court considers support the grant of this motion. *See Medina v. Cath.*

---

[1] Pursuant to Local Rule 7.1(a), Counsel for *amicus curiae* Professor Lee have conferred with counsel for all parties regarding this Motion for Leave. The parties have indicated that they do not oppose this motion to file an *amicus curiae* brief.

[2] *See, e.g.*, Edward Lee, *Prompting Progress: Authorship in the Age of AI*, 76 FLA. L. REV. 1445 (2024); Edward Lee, *The Code Red for Copyright Law*, 76 FLA. L. REV. F. 1 (2024); Edward Lee, *Comment to U.S. Copyright Office* (Nov. 1, 2023), https://www.regulations.gov/comment/COLC-2023-0006-8567. Professor Lee's faculty bio may be found at https://law.scu.edu/faculty/faculty-list/lee.html.

1

*Health Initiatives*, No. 13-cv-01249-REB-KLM, 2015 WL 13683647 at *1 (D. Colo. Oct. 7, 2015); *see also SEC v. Cetera LLC*, No. 19-cv-02461-MEH, 2020 WL 13470960, at *3 (D. Colo. Aug. 25, 2020) (quoting factors and granting leave). First, Professor Lee is a disinterested person with no personal stake in this case's outcome. He has not met Plaintiff Jason Allen and does not know him other than through the public reporting of this controversy. Second, the motion is unopposed.

Third, Professor Lee's proposed *amicus* brief provides a different angle and information than the plaintiff's brief and includes his independent historical research related to origin of copyright, the Framers' choice of "authors" of "writings" in the Copyright Clause in 1787, and how these general terms in the Copyright Clause were unique compared to copyright laws at the time of the Framing. Because the meaning of "authors" is the central issue presented in this case, the proposed *amicus* brief provides useful information and argument (fifth factor), which Professor Lee respectfully submits is strong in its analysis (fourth factor). The *amicus* brief amply satisfies the five factors.

As courts recognize, "the most important factor [is] '(5) the usefulness of the information and argument presented by the potential amicus curiae.'" *Cetera*, 2020 WL 13470960, at *3 (quoting *Wildearth Guardians v. Lane*, No. cv. 12–118 LFG/KBM, 2012 WL 10028647, at *2 (D.N.M. June 20, 2012)). The *amicus* brief provides helpful analysis of the legal issue raised in this case—an issue that has national importance for authors and creative industries involving a wide range of works, including computer software and movies. *See, e.g.*, Barry Scannell, *Who owns the copyright for AI work?*, Fin. Times (Aug. 24, 2025), https://www.ft.com/content/74b1841f-bf57-4934-a06a-3611d61e4319; Glenn Garner, *James Cameron Wants To Use AI To "Cut The Cost" Of Filmmaking Without "Laying Off Half The*

*Staff,"* DEADLINE (Apr. 9, 2025), https://deadline.com/2025/04/james-cameron-use-ai-cut-cost-filmmaking-1236364940/.

This Court is the first federal court to review the Copyright Office's legal test of authorship in the context of a work created by a person using prompts—or "prompt-engineering"—on an AI image generator. One prior copyright decision by the D.C. Circuit addressed a different question: whether AI itself can be an "author" under the Copyright Act of a work autonomously generated by the AI with *no* human contribution at all. *Thaler v. Perlmutter*, 130 F.4th 1039, 1049-50 (D.C. Cir. 2025). In holding that the Copyright Act requires a human author that disqualifies AI from authorship, the D.C. Circuit expressly declined to consider the type of case presented here—a case in which a human was involved in and contributed to the creation of the alleged work from start to finish. *Id.* at 1050 ("Those line-drawing disagreements over how much artificial intelligence contributed to a particular human author's work are neither here nor there in this case."). The proposed *amicus* brief is submitted to assist the Court's review of this important legal issue.

\*   \*   \*

Without opposition from the parties, *amicus* Edward Lee respectfully asks the Court for leave to file the *amicus curiae* brief (attached as Exhibit 1).

Dated: September 2, 2025                                  Respectfully submitted,

                                                          /s/ Scott M. Kelly

Scott M. Kelly (admitted in D. Colo.)                     Victoria R. M. Webb (admitted in D. Colo.)
Virginia Bar No. 80548                                    Illinois Bar No. 6307279
*skelly@bannerwitcoff.com*                                *vwebb@bannerwitcoff.com*
Sydney L. Huppert (admitted in D. Colo.)                  BANNER & WITCOFF, LTD.
District of Columbia Bar No. 90017904                     71 South Wacker Drive, Suite 3600
*shuppert@bannerwitcoff.com*                              Chicago, IL 60606
BANNER & WITCOFF, LTD.                                    Telephone: (312) 463-5000
1100 13th St., NW, Suite 1200
Washington, DC 20005
Telephone: (202) 824-3000

***Counsel Filing for Amicus Curiae Edward Lee***

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2025, I caused the foregoing document to be electronically filed with the Clerk of the Court using the Court's CM/ECF filing system which will send notification of such filing to all registered counsel of record for the parties.

/s/ Scott M. Kelly
Scott M. Kelly